UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br>1200 K Street, N.W.<br>Washington, D.C. 20005,<br><br>      Petitioner,<br><br>      v.<br><br>ASPIRE VENTURES, LLC,<br>2744 Pennyroyal Circle<br>Naperville, IL 60564,<br><br>      Respondent. | Case: 1:21–mc–00010<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 2/3/2021<br>Description: Misc.<br><br>Misc. Action No.: ____ |

## PETITION TO ENFORCE THE ADMINISTRATIVE SUBPOENA ISSUED BY THE PENSION BENEFIT GUARANTY CORPORATION

This action arises under Title IV of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461 (2018). Petitioner, Pension Benefit Guaranty Corporation ("PBGC"), files this petition pursuant to 29 U.S.C. § 1303(c) to enforce an administrative subpoena issued to Aspire Ventures, LLC. In support of this Petition, PBGC respectfully refers the Court to the Declaration of Ralph L. Landy and the exhibits attached hereto. The Court should order compliance with the administrative subpoena and award PBGC its costs and expenses.

## PARTIES IN THIS PETITION

1. PBGC is a wholly owned United States Government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA.

2. Respondent Aspire Ventures, LLC ("Aspire") is an Illinois limited liability company registered March 5, 2010, with its business address located at 2744 Pennyroyal Court, Naperville, IL, 60564.

3. According to the website of the Illinois Secretary of State, Aspire is not in good standing effective March 1, 2020.

4. The Aspire Ventures, LLC Cash Balance Plan (the "Pension Plan") is a tax-qualified, defined benefit pension plan covered under Title IV of ERISA. The Pension Plan was established and maintained by Aspire for the exclusive benefit of its employees. *See* 29 U.S.C. § 1104(a). Aspire is the contributing sponsor and administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1), (13).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1303(c) and (e)(3), which provides that PBGC may invoke the aid of any court of the United States to enforce any of its administrative subpoenas issued under 29 U.S.C. § 1303(a).

6. Venue is proper in the District of Columbia because PBGC's investigation is being conducted in the District of Columbia. *See* 29 U.S.C. § 1303(c).

**STATUTORY BACKGROUND**

7. Congress established PBGC to: (1) encourage the continuation and maintenance of voluntary private pension plans for the benefit of their participants; (2) to provide for the timely and uninterrupted payment of pension benefits to participants and beneficiaries under plans covered by Title IV of ERISA; and (3) maintain premiums at the lowest level possible. 29 U.S.C. § 1302(a).

8. Subject to statutory limits, PBGC guarantees the benefits earned by participants in pension plans covered under Title IV of ERISA. When a covered pension plan terminates without sufficient assets to pay benefits, PBGC typically becomes trustee of the plan, takes over the plan's assets, and pays guaranteed benefits to plan participants and their surviving beneficiaries, subject to statutory limitations.

9. ERISA provides PBGC with the authority to "make such investigations as it deems necessary to enforce any provision of this subchapter or any rule or regulation thereunder ...." 29 U.S.C. § 1303(a).

10. For any such investigation, the PBGC Director, or his designee, may "subpena [sic] witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which [PBGC] deems relevant or material to the inquiry." 29 U.S.C. § 1303(b).

11. ERISA further states that "[i]n the case of contumacy by, or refusal to obey a subpena [sic] issued to, any person, [PBGC] may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. The court may

issue an order requiring such person to appear before [PBGC], or member or officer designated by [PBGC], and to produce records or to give testimony related to the matter under investigation or in question. Any failure to obey such order of the court may be punished by the court as a contempt thereof." 29 U.S.C. § 1303(c).

12. Neither ERISA nor PBGC regulations require a specific means of service for administrative subpoenas issued by PBGC.

## FACTS

13. ERISA requires annual payment of premiums to PBGC for every pension plan covered by ERISA, to be paid by the pension plan's contributing sponsor or plan administrator. 29 U.S.C. § 1306, 1307(e). Upon information and belief, from 2018 onward, Aspire has failed to make statutorily required premium payments to PBGC on behalf of the Pension Plan. 29 U.S.C. § 1307. Upon information and belief, since 2017, Aspire has also failed to file a Form 5500 and fulfill annual reporting requirements related to the Pension Plan. *See* Declaration of Ralph L. Landy ("Declaration") at ¶ 5, attached hereto as Exhibit A.

14. Based on these failures, as well as concerns that the Pension Plan may have been abandoned or will be unable to pay benefits when due, or both, PBGC's Corporate Finance and Restructuring Department ("CFRD") commenced an investigation into Aspire's nonpayment of premiums and failure to meet reporting requirements. This investigation was undertaken pursuant to the authority granted to PBGC under 29 U.S.C. 1303(a). *See* Declaration at ¶ 7.

15. Upon information and belief, Sherman L. Neal is a natural person who resides and carries on a business in Illinois. Mr. Neal is listed on the website of the Illinois Secretary of State as the manager of and agent for Aspire. Mr. Neal is further listed on Aspire's website as Aspire's principal owner.

16.     As part of its investigation, a representative from CFRD requested by letter dated December 19, 2019 sent to Sherman L. Neal, Aspire's Manager, Agent, and Principal Owner, that Respondent provide PBGC certain documents and information relating to the Plan's and Aspire's financial conditions by January 2, 2020.  CFRD directed this letter to 12249 Rhea Drive #2, Plainfield, IL 60585, the address of Aspire listed on Aspire's last Form 5500 and Aspire's website.  A true and correct copy of this letter is attached as Exhibit B.

17.     When CFRD did not receive a response the letter dated December 19, 2019, it referred the matter to PBGC's Office of the General Counsel for further investigation.  PBGC Attorney Ralph L. Landy requested by letter dated September 9, 2020 sent to Mr. Neal that Respondent provide the documents and information CFRD requested no later than October 9, 2020.  The letter further warned that failure to respond could result in the issuance of an administrative subpoena.  Mr. Landy directed this letter to 12249 Rhea Drive #2, Plainfield, IL 60585.  A true and correct copy of this letter is attached as Exhibit C.

18.     After receiving no response to Mr. Landy's letter, PBGC's Office of the General Counsel issued a subpoena under PBGC's investigatory powers to Aspire via Mr. Neal on October 13, 2020 requesting relevant financial and actuarial information no later than November 13, 2020.  A true and correct copy of this subpoena is attached as Exhibit D.

19.     The subpoena was personally served on Mr. Neal at 2744 Pennyroyal Circle, Naperville, IL 60564 on November 7, 2020.  A true and correct copy of the affidavit of service is attached hereto as Exhibit E.

20.     No response to this subpoena was received.  *See* Declaration at ¶¶ 12-13.

21. Representatives from PBGC have made multiple attempts to contact Mr. Neal to discuss Aspire's failure to respond to this subpoena. *See* Declaration at ¶ 12.

WHEREFORE, PBGC respectfully requests that this Court:

1. Enforce PBGC's subpoena under 29 U.S.C. § 1303(c) by ordering Aspire, by its agent Sherman L. Neal, to produce to Ralph L. Landy, Attorney, Office of the General Counsel, Pension Benefit Guaranty Corporation, 1200 K Street NW, Washington, D.C. 20005-4026, within ten (10) days of service upon him of a copy of this order, complete responses to the documents and information requested in the subpoena;

2. Order that failure to so produce shall be punished as contempt of this Court as provided in 29 U.S.C. § 1303(c);

3. Award PBGC the costs in maintaining this action; and

4. Provide such other relief as the Court deems appropriate.

A proposed order is attached hereto.

Date: February 3, 2021                                    Respectfully submitted,

      /s/ Ralph L. Landy
F. Russell Dempsey, *General Counsel*
Kartar S. Khalsa, *Deputy General Counsel*
C. Wayne Owen, Jr., *Assist. General Counsel*
Ralph L. Landy, *Attorney*

PENSION BENEFIT GUARANTY
CORPORATION
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 229-3090
Facsimile: (202) 326-4138
Emails: landy.ralph@pbgc.gov *and*
efile@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*